SUPREME COURT OF ARIZONA

PROTECT OUR ARIZONA, a political committee,

                Plaintiff/Appellant,

                v.

KATIE HOBBS, in her capacity as the Secretary of State of Arizona,

                Defendant/Appellee,

ARIZONANS FED UP WITH FAILING HEALTHCARE (HEALTHCARE RISING AZ), a political committee,

  Real Party in Interest/Appellee.

Arizona Supreme Court
No. CV-22-0203-AP/EL

Maricopa County
Superior Court
No. CV2022-009335

**FILED 08/24/2022**

**DECISION ORDER**

Before the Court is an expedited election appeal regarding the Predatory Debt Collection Protection Act (Serial No. I-05-2022), a proposed initiative for the November 8, 2022 General Election. The Act seeks to amend certain statutes governing interest rates on medical debt as well as a debtor's property exemptions.

Appellant Protect Our Arizona challenged the legal sufficiency of the initiative, initially raising five objections. Appellant later withdrew all but two objections. Relevant to the appeal, Appellant argued: (1) the initiative's

98-word summary was legally insufficient because the phrase "[d]oes not change existing law regarding secured debt" was objectively false or misleading; and (2) certain circulators were not properly registered because they failed to submit a new or updated affidavit with their registration application.

After a trial and oral arguments, the superior court denied Appellant's remaining two objections and determined the Act qualified to appear on the general election ballot. Appellant timely appealed.

The Court, en banc, has considered the briefs and authorities in the record, the superior court's ruling, and the relevant statutes and case law in this expedited election matter.

The Court unanimously finds that A.R.S. § 19-118 does require each circulator to submit a separate affidavit as one of five required items in each registration application submitted for each petition he or she circulates. But any circulators' lack of compliance with § 19-118 does not invalidate the signatures gathered by these circulators on the record and circumstances before us.

The Circulator Portal established by the Secretary of State's Office (SOS), which was in operation at the time the Governor and the Attorney General approved the 2019 Elections Procedures Manual pursuant to A.R.S. § 16-452, by design does

not permit the submission of more than one affidavit per circulator. *See* Declaration of Kori Lorick 5. By also refusing to accept manual submission of a hard copy affidavit, *see id.* at 3, the SOS rendered it impossible for circulators to successfully submit a registration application as required by § 19-118 for I-05-2022 if they had already registered to circulate other petitions.

The Court unanimously declines to find that the initiative committee, Arizonans Fed Up with Failing Healthcare (Healthcare Rising AZ), or any individual circulator failed to comply with § 19-118 when the SOS has prevented such compliance. A finding of non-compliance and disqualification of circulator signatures on this record and under these circumstances would "unreasonably hinder or restrict" the exercise of the initiative power under article 4, part 1, sections (1) and (2) of the Arizona Constitution. *Stanwitz v. Reagan*, 245 Ariz. 344, 348 ¶ 14 (2018), *as amended* (Nov. 27, 2018) (citation omitted) (internal quotation marks omitted). Therefore, signatures collected by such circulators in connection with I-05-2022 are not subject to disqualification.

We have every expectation that the SOS will remedy deficiencies in the submission of information through the Circulator Portal and accommodate the manual submission of required information in the interim. However, if an initiative

committee seeks to submit the information required pursuant to § 19-118 and the SOS refuses to accept it, an aggrieved party should seek special action relief.

The Court further unanimously finds the summary is sufficient and alerted a reasonable person to the principal provisions' general objectives. *See Molera v. Hobbs*, 250 Ariz. 20 (2020). The summary, when read as a whole, is not objectively false or misleading.

**IT IS ORDERED** affirming the superior court's judgment.

**IT IS FURTHER ORDERED** denying the parties' requests for attorney fees as there is no prevailing party. *See* § 19-118(F).

A written Opinion detailing the Court's reasoning will follow in due course.

DATED this 24th day of August, 2022.

_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:

Thomas J Basile
Kory A Langhofer
Amy B Chan
Noah Gabrielsen
James E Barton II
Jacqueline Soto
Joshua David Rothenberg Bendor
Joshua J. Messer
Travis Charles Hunt
Annabel Barraza
Hon. Frank W Moskowitz
Alberto Rodriguez
Hon. Jeff Fine
Christina Sandefur
Timothy Sandefur
Daniel J Adelman
Samuel Schnarch
Patrick J Kane
Roy Herrera
Daniel A Arellano
Timothy A LaSota
Dominic Emil Draye